## SMITH v RUMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11579.   Decided June 15, 1931

MAUCK, PJ and MIDDLETON, J (4th Dist) and FARR, J, (7th Dist), sitting.

Cull, Fuller and Laughlin, Cleveland, for Smith.

Beckerman and Felsman, Cleveland, for Ruman.

regard as established facts certain admissions of the defendant which were testified to by the husband of the plaintiff and which were made by the defendant to the husband when both men met at the hospital on the morning of the explosion.

The husband testified that he met the defendant Mr. Ruman outside of the hospital as he was leaving a machine, and then the witness said: "I got out of the machine and I said, 'Hello dad, what has happened?' He said, 'The small heater has blown up.' I said 'How come?' He says, 'They found the valves closed.' I said, 'who closed those valves?' He says, 'My plumber, to save hot water.' I says, 'Why did they not hang a safety sign on them, or notify me?' He says, 'Oh, it's an accident'."

In another conversation with one Mr. Kleinman, who was the son-in-law of the defendant, and who had requested the plaintiff's husband to come to see him about the matter, it appears that the defendant was present. The husband testifies that in that conversation with Kleinman the closing of the valves was under discussion, and Mr. Ruman interrupted the conversation and said: "But my plumber closed the valves to save hot water while that heater was out." And Mr. Kleinman said, "Shut up, dad, and keep out of this."

In view of this evidence alone we are unable to understand why it should be necessary to go into a long discussion of the subject of res ipsa loquitor, or even of the subject of proximate cause. The admissions or statements here of the defendant are direct evidence on both subjects and furnish an explanation of how and why the explosion occurred. Experts testified in the case that if the valves in the pipes leading to and from the coal heater were closed, leaving a water pocket with some air in the pipes and a fire were started in the coal heater, steam would be generated and an explosion would inevitably result.

It is contended that there is no proof of any fire in that heater on the morning of the explosion. There is evidence, however, of hospital physicians tending to show that the plaintiff was badly burned on the face, shoulders and arms. It was further in evidence that the heater was fixed for firing, or all O.K. as the plaintiff's husband testified.

We think that there is ground for several inferences that might be drawn from the evidence, but the determination of those matters is primarily for a jury. We might remark, however, that if the plaintiff herself lighted the heater on the morning of the explosion, in view of her testimony to

MIDDLETON, J.

Going directly to the material matters, when the trial court directed a verdict it was required to assume as true every fact then in evidence. This rule required it to

the effect that she did not know that the valves were closed and therefore had no reason to anticipate any danger or trouble, her act in lighting the fire raises no presumption of contributory negligence.

It is apparent that the trial court erred in directing a verdict for the defendant and the judgment therefore must be reversed.

Judgment reversed.

MAUCK, PJ, and FARR,, J, concur.